# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 8, 2008

## ANTHONY T. ROBERTSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 07-CR-8986    R. Lee Moore, Jr., Judge**

---

**No. W2007-02362-CCA-R3-HC  - Filed July 8, 2008**

---

The petitioner, Anthony T. Robertson, filed a petition for a writ of habeas corpus challenging his conviction for sexual battery.  The trial court issued a written order dismissing the petition and denying habeas corpus relief for failure to state a cognizable claim.  The petitioner filed an untimely appeal of the written order denying his petition.  Following our review of the parties' briefs, the record, and the applicable law, we conclude that the petitioner failed to timely file his notice of appeal and therefore his appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Anthony T. Robertson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon and Rachel E. Willis, Assistant Attorneys General; C. Phillip Bivens, District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In July of 2000, the petitioner was initially charged with aggravated sexual battery, a Class B felony.  The petitioner entered a plea of no contest to an amended charge of sexual battery and the trial court imposed a sentence of six years probation and ordered the petitioner to serve one year in the Montgomery County Workhouse.  Additionally, the petitioner was required to register as a sex offender and complete the sex offender program.  The petitioner was confined in the Montgomery County Jail beginning in December of 1999 and was later moved to the Montgomery County Workhouse where he served until September of 2000.  After his release, he was on probation in Tennessee from September 2000 until December 2000.  In December of 2000, his probation was transferred to Chicago, Illinois.  The petitioner was on probation in Chicago from December 2000 until August 2003.

In August of 2003, the petitioner was arrested for probation violations and was ordered to serve one hundred eighty (180) days in jail with credit for eighty-five (85) days. After serving one hundred eighty days in jail, his probation was reinstated in January of 2004. In July of 2004, the petitioner was rearrested and confined in the Montgomery County Jail from July of 2004 through August, 2006. The petitioner received credit for jail time.

A probation violation hearing was held on July 27, 2006.[1] The record indicates that the original probation violation warrant was issued because the petitioner changed residences without permission, failed to report to the probation officer, and failed to attend and complete the sex offender program. The probation violation warrant was amended once to include a charge of rape.

The probation violation warrant was amended a second time to include a charge of felony murder. The petitioner was convicted of the offense of assault instead of rape. The felony murder charge was dismissed. At the conclusion of the petitioner's probation revocation hearing, the court ordered that the petitioner serve the balance of his original sentence due to his probation violations and assault conviction while on probation.

The petitioner filed his petition for writ of habeas corpus on June 15, 2007. The defendant argued that he was sentenced as a Range III offender and that his trial counsel rendered ineffective assistance of counsel. The petitioner also argued that cumulatively, he had served six years and seven months and that his sentence had expired. The petitioner's petition for writ of habeas corpus was summarily dismissed without a hearing by written order on July 9, 2007. In its order denying relief, the court concluded that the petitioner's argument that he was erroneously sentenced as a Range III offender and that his trial counsel rendered ineffective assistance of counsel did not create a void judgment but merely a voidable one, and therefore the petitioner was not entitled to relief under a writ of habeas corpus. Furthermore, the court determined that the exhibits attached to the petition for writ of habeas corpus failed to demonstrate that the petitioner's sentence had expired, and as such, the petitioner failed to state a cognizable claim for habeas corpus relief.

The petitioner filed a notice of appeal from the court's written order on October 11, 2007. The petitioner's notice of appeal was filed more than thirty days after the issuance of the court's written order denying habeas corpus relief.

At the outset, we note that a notice of appeal must be filed within thirty (30) days after the date of entry of the judgment from which the petitioner is appealing. Tenn. R. App. P. 4(a). Although a notice of appeal is not jurisdictional, and the requirement for an untimely notice of appeal may be waived in the interest of justice, we decline to do so in the instant case. *Id.* The court

---

[1] We note that upon review of the record, both the cover sheet of the transcript of the petitioner's probation revocation hearing as well as the date referenced in the court's written dismissal order indicate that the date of the probation revocation hearing was July 27, 2007. However, the court reporter's verification page at the conclusion of the transcript indicates that the hearing was held on July 27, 2006. We conclude that after review and in accordance with the filing dates of other documents in the record, the probation violation hearing was in fact held on July 27, 2006, and not on July 27, 2007.

issued its written order denying the petition for a writ of habeas corpus on July 9, 2007. More than three months passed before the petitioner filed his notice of appeal on October 11, 2007. The petitioner has not offered an explanation for the untimely filing of his appeal or advanced any argument as to why his appeal warrants consideration despite its untimeliness. Therefore, we will not waive the timely filing requirement and we decline to address the petitioner's arguments on their merits. The petitioner is without relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the defendant's appeal is dismissed.

_____
J.C. McLIN, JUDGE

3